# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1148

———————————————

United States of America

*Plaintiff - Appellee*

v.

Calvertson Johnson Slim

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: July 15, 2020
Filed: July 20, 2020

——————————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Calvertson Slim was found incompetent to stand trial for a criminal charge in the District of Arizona and transferred to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri for further evaluation. See 18 U.S.C. § 4241(d). After it was determined that his incompetency was unlikely to be restored, the district court ordered a hearing to determine if civil commitment is warranted because he is suffering from

a mental disease or defect and release would create a substantial risk of bodily injury or serious property damage.  See 18 U.S.C. § 4246(a).

Prior to the hearing, a Medical Center Risk Assessment Panel filed a report discussing Slim's psychotic symptoms -- Schizophrenia, hallucinations, paranoia, cognitive difficulties, delusional beliefs.  The Panel concluded "there is a clear link between [Slim's] mental illness and dangerousness" and recommended civil commitment.  The district court granted Slim's motion for evaluation by an independent psychological examiner, who concluded that Slim's mental illness makes him  dangerous to others, particularly young children, and concurred in the need for civil commitment.  After a hearing at which Slim testified, the district court[1] found the government had established by clear and convincing evidence that Slim is suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury or serious property damage and committed him to the custody of the Attorney General pursuant to § 4246.  Slim appeals.  Counsel filed a brief highlighting Slim's testimony that he would not be a danger if under a guardian's care and requesting permission to withdraw.  Slim filed a *pro se* motion for the appointment of new counsel and a supplemental brief asserting he should receive new mental health assessments and be placed in a mental health court.

In reviewing a § 4246 commitment order, we review the district court's fact findings for clear error.  See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002).  Here, the district court's findings of mental disease or defect creating a substantial risk of bodily injury if Slim were released are supported by unanimous medical opinions by Medical Center mental health professionals and defense counsel's

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

independent psychological examiner. The court did not clearly err in finding that Slim's testimony as to his dangerousness was not credible in the face of the unanimous contrary conclusions by medical professionals. The government also submitted evidence that the Attorney General has been unable to find appropriate state officials who would assume responsibility for Slim's custody and treatment. See § 4246(d).

The judgment of the district court committing Calvertson Slim to the custody of the Attorney General is affirmed. We deny Slim's motions for the appointment of new counsel as moot and grant counsel's motion to withdraw.

_____